UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TRAVIS D. SCATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:23-CV-151-DCLC-JEM ) ) |
| KNOX COUNTY SHERIFF OFFICE, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER

Plaintiff, a prisoner housed in the Knox County Detention Facility, is listed as a plaintiff on an unsigned amended complaint filed pro se by prisoners under 42 U.S.C. § 1983[1] [Doc. 3], and he has filed a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion, **DISMISS** all named Defendants, and **PERMIT** Plaintiff to file an amended complaint.

**I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion [Doc. 2] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

As he is incarcerated, Plaintiff will be **ASSESSED** the $350.00 civil filing fee. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, United States District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the

---

[1] This civil action was severed from No. 3:23-cv-63-DCLC-JEM (E.D. Tenn.) after multiple plaintiffs were denied class action status and Plaintiff Scates thereafter indicated his desire to proceed in an individual § 1983 action [*See* Doc. 1].

preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Order shall be placed in Plaintiff's file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Iqbal*,

2

556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570.

**B.  Analysis**

"A civil action is commenced by filing a complaint with the Court." Fed. R. Civ. P. 3. Here, the Court does not have a § 1983 complaint signed by Plaintiff. Therefore, Plaintiff's amended complaint, which is really only an amended list of Plaintiffs and Defendants, contravenes both Rules 8 and 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a) (providing pleading must contain "short and plain statement of the claim showing that the pleader is entitled to relief" along with "a demand for the relief sought"); Fed. R. Civ. P. 11(a) (requiring every document to be signed by a party personally if the party is unrepresented). Further, Plaintiff must file a complaint that alleges the violation of his own constitutional rights; he may not premise his § 1983 action on factual allegations made by others. *See, e.g., Newsom v. Norris,* 88 F.2d 371, 381 (6th Cir.1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and ... lacks standing to assert the constitutional rights of other prisoners"). Therefore, the Court will permit Plaintiff an opportunity to file an amended complaint to remedy these deficiencies. S*ee LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding court may allow plaintiff to amend complaint even when complaint is subject to dismissal under the PLRA).

Accordingly, Plaintiff will be permitted fourteen (14) days within which to file an amended complaint that contains a short and plain statement showing why he is entitled to relief. Plaintiff must make specific factual allegations of wrongdoing against identified Defendants, list any harm Plaintiff has suffered as a result, and include a specific request for relief. Plaintiff is

3

Case 3:23-cv-00151-DCLC-JEM   Document 4   Filed 05/17/23   Page 3 of 5   PageID #: 14

**NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings. The Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to state a claim upon which §1983 relief may be granted.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any further amendments and/or supplements or any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests or motions filed before the Court has completed this screening.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff shall have fourteen (14) days from entry of this Order to submit an amended complaint in accordance with the directives above. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

6. If Plaintiff fails to timely submit an amended complaint, this action will be **DISMISSED** for failure to state a claim upon which § 1983 relief may be granted;

4

7. Plaintiff has failed to state a viable constitutional claim against a named Defendant, and all Defendants are **DISMISSED** from this action; and

8. Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge