UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TRAVIS D. SCATES, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:23-CV-151-DCLC-JEM |
| KNOX COUNTY SHERIFF OFFICE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This pro se prisoner's civil action under 42 U.S.C. § 1983 filed by an inmate at the Knox County Detention Facility was severed from No. 3:23-cv-63 (E.D. Tenn.) to proceed with Travis Scates as the sole Plaintiff [Doc. 1]. On May 17, 2023, the Court entered an Order screening the complaint and providing Plaintiff fourteen (14) days to file an amended complaint [Doc. 4 p. 3-4]. The Court specifically warned Plaintiff "that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to state a claim upon which §1983 relief may be granted" [*Id*. at 4]. The deadline has passed, and Plaintiff has not filed an amended complaint or otherwise communicated with the Court. In fact, the Court's Order was returned as undeliverable due to Plaintiff's release from the Knox County Detention Facility [Doc. 5 p. 12].

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under

Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The Court first finds that Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault, as he did not receive the Order due to his failure to keep the Court apprised of his address as required by the Court's local rules and its prior orders [*See* Doc. 1 p. 2; Doc. 13 p. 5 in No. 3:23-cv-63; and E.D. Tenn. L.R. 83.13]. Second, the Court finds Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants, as they have not yet been served with process. Third, Plaintiff was expressly warned that failure to keep his address updated would result in the dismissal of this case [Doc. 1 p. 2][1]. Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff was proceeding pro se and *in forma pauperis* in this action [*See, generally*, Doc. 4].

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).

---

[1] Plaintiff is presumed to have received the Court's prior orders [Doc. 1 p. 2; Doc. 13 p. 5 in No. 3:23-cv-63 (E.D. Tenn.)], as neither were returned to the Court. *See also Stuber v. Beck*, No. 301CV7175, 2002 WL 818067, at *1 (N.D. Ohio Feb. 7, 2002) ("It is a well settled rule that a letter that is properly addressed and placed in the mail is presumed to be delivered to the addressee in a timely manner." (citing *Hagner v. United States,* 285 U.S. 427, 430 (1932))).

Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for failure to state a claim upon which § 1983 relief may be granted and pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

SO ORDERED:

                                        s/Clifton L. Corker
                                        United States District Judge